GEORGE M. BREWSTER & SONS, INC., A NEW JERSEY
CORPORATION, PLAINTIFF, v. BOROUGH OF BOGOTA,
TOWNSHIP OF WESTAMPTON, TOWNSHIP OF MOUNT
LAUREL, AND THE ATTORNEY GENERAL OF THE
STATE OF NEW JERSEY, DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided September 18, 1951.

*Messrs. Major & Carlsen* (*Mr. James A. Major* appearing), attorneys for plaintiff.

*Mr. Walter H. Jones,* attorney for Borough of Bogota.

*Mr. Bayard Allen,* attorney for Township of Westampton.

*Mr. Benjamin Marmer,* attorney for Township of Mount Laurel.

*Mr. Theodore D. Parsons,* Attorney-General.

LEYDEN, J. S. C.   Plaintiff seeks a declaratory judgment (*R. S.* 2:26–66 and 69) of its rights, status and legal relations under the statute. authorizing the assessment and

taxation of tangible personal property (*R. S.* 54:4–9. as amended *L.* 1942, *c.* 281; *L.* 1943, *c.* 120; *L.* 1945, *c.* 163), and more particularly, whether under said statute the Townships of Westampton and Mount Laurel in Burlington County have the right to assess and tax plaintiff's personal property consisting of mobile road building equipment and machinery.

The facts not being in dispute, the cause was submitted to the court without a jury by consent.

The plaintiff is a large contracting company specializing in highway and bridge construction. It was incorporated in 1923 and its principal executive and registered offices, plant, repair shops, garage and storage space for its equipment, trucks and machinery are located at 275 Fort Lee Road, Bogota, Bergen County, New Jersey. It owns and utilizes a large amount of mobile equipment which has been assessed for taxes by the Borough of Bogota over the years, including those of 1949 and 1950.

Plaintiff has been and presently is engaged under contract with the New Jersey Turnpike Authority in building a major portion of the turnpike, with the necessary bridges and culverts, from the George Washington Bridge across the Hudson River in Bergen County to the bridge across the Delaware River in Salem County. One of the contracts, designated as Section 3, provides for the construction of the turnpike for a distance of 21.7 miles, part of which is in the Townships of Westampton and Mount Laurel in Burlington County. On October 1, 1950, various units of plaintiff's equipment were physically located in each of the defendant townships, being used pursuant to the contract. It is agreed the equipment was to remain in the respective townships until the work there was completed and then taken elsewhere. It is conceded that when plaintiff completes a contract the equipment used is either returned to Bogota for storage or overhaul, or transported to the location of a new job.

Each of defendant townships levied an assessment for taxes on the equipment "found" in its district on October 1, 1950, as tangible personal property. Plaintiff is therefore

concerned over the conflicting claims of defendant municipalities to tax its equipment, and the probability of claims by other taxing districts along the projected route.

*R. S.* 54:4–9, as amended, provides: "The tax on all tangible personal property in this State shall be assessed in and for the taxing district where the property is found." The assessment date is October 1 (*R. S.* 54:4–1, as amended) and the assessor has plenary power to ascertain the ownership and value of the property (*R. S.* 54:4–12, 16).

The defendant townships argue vigorously that the word "found" as used in the statute means "physically present," without more; or, to put it another way, "discovered by means of the eye or other senses." And since the equipment was seen by the assessors in the respective townships on October 1, 1950, their right to assess and tax is clear and unimpeachable. If this contention is sound, it seems quite obvious that many owners of personalty would be subject to double taxation, while the unscrupulous ones, by adroitly maneuvering their property just prior to the assessment date, would avoid the payment of taxes. However, our courts have not given the word "found" and the statute in question so broad a definition and construction.

The word "found" in the sense used in the statutes relating to the assessment and taxation of personalty is synonymous with "situated." *Riverton and Palmyra Water Company v. Haig,* 58 *N. J. L.* 295 (*Sup. Ct.* 1895); *Yardley v. Essex County Bd. of Taxation,* 93 *N. J. L.* 290 (*Sup. Ct.* 1919); *State v. Haight,* 30 *N. J. L.* 428 (*Sup. Ct.* 1863). To justify an assessment on personalty more than mere visible presence on the taxing day is necessary. There must be a definite *situs* for taxation purposes which in turn connotes that the personalty must have acquired a permanency of *situs* in the taxing district. *State v. Haight, supra. Cf. Metropolitan Life Ins. Co. v. Newark,* 62 *N. J. L.* 74 (*Sup. Ct.* 1898); *N. Y. Central R. R. Co. v. Dept. of Taxation, &c.,* 137 *N. J. L.* 288 (*Sup. Ct.* 1948), affirmed 1 *N. J.* 298 (1949).

■ Plaintiff's equipment was only temporarily within the limits of the defendant townships. In effect it was in transit and did not constitute a part of their taxable wealth. It did not acquire a permanency of *situs* though visibly present there on the taxing date. Its permanent *situs* for taxation purposes, its domicile or "home," is Bogota, Bergen County, New Jersey.

The conclusion is inescapable. The Townships of Westampton and Mount Laurel have no right under said statute to assess and tax the said equipment of plaintiff.

A judgment in accordance herewith may be submitted.